TYSON TRUCK LINES, INC., Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Minnesota, Respondent,

Century-Mercury Motor Freight, Inc., et al., Respondents.

No. 48087.

Supreme Court of Minnesota.

April 14, 1978.

---

Hessian, McKasy & Soderberg and Kenneth J. Maas, Jr., St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Carl Warren and Karl W. Sonneman, Sp. Asst. Attys. Gen., St. Paul, for Pub. Serv. Comm.

James L. Nelson, St. Paul, for Century-Mercury Motor Frt.

Heard before PETERSON, KELLY and WAHL, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

This is an appeal from an order of the district court affirming a decision of the Minnesota Public Service Commission (PSC). The PSC's decision denied a petition by appellant, Tyson Truck Lines, Inc. (Tyson Truck), which sought an extension of its intrastate contract-carrier authority to serve an additional shipper/customer. We affirm the district court order sustaining the PSC's decision.

The facts are undisputed. Appellant's operations within Minnesota are as a contract carrier authorized by the PSC pursuant to Minn.St. c. 221. Since at least 1973, appellant has had authority from the PSC to serve nine shippers/customers. This case concerns appellant's petition for extended authority to serve what appellant views as one additional shipper/customer, Tyson Warehouse Co. (Tyson Warehouse).[1] Tyson Warehouse is a public warehouse company serving some 40 customers from facilities in Arden Hills and New Brighton. Some owners of goods stored by Tyson Warehouse designate a particular carrier to transport their goods, but "approximately 95% of the time" Tyson Warehouse acts as the owners' shipping agent and selects the carrier and controls the routing.

The statute in question in this case, Minn.St. 221.011, subd. 12, provides two alternative definitions of "contract carrier" and by means of those definitions limits the activities of contract carriers. Section 221.011, subd. 12, provides:

" 'Contract carrier' means [1] any person engaged in the business of transporting property for hire over the highways under special contracts of carriage with the shippers or receivers of freight who require a specialized service to meet their needs, or [2] a carrier who limits his hauling for the account of not more than ten customers."

Apparently the legislature's intent was that contract carriers who provide a specialized

---

1. Richard Tyson is president of appellant, Tyson Truck, and of Tyson Warehouse; however, both appellant and the PSC treat Tyson Truck and Tyson Warehouse as unrelated companies for purposes of appellant's petition.

service (e. g., refrigerated transport) may work for any number of "shippers"; however, contract carriers who provide a nonspecialized service may work for no more than "ten customers."

It appears from the record and from the PSC's findings of fact that appellant seeks to provide a nonspecialized service; thus, appellant is limited to the "ten customers" allowed by the second definition. Since appellant already has nine customers, the question is whether Tyson Warehouse would be a single "customer" (i. e., appellant's tenth customer), or whether Tyson Warehouse would be more than one "customer" because it acts as the shipping agent for 40 different owners of goods.

We hold that Tyson Warehouse cannot be viewed as a single "customer" for purposes of appellant's petition. To do so would thwart the legislature's apparent intent to limit the volume of business of contract carriers providing nonspecialized service. We find no inconsistency between the PSC's decision in this case and its decision in *In the Matter of the Application of Ajax Transfer Co.* Minn.P.S.C., Docket No. 0570–BT, Jan. 17, 1973. Ajax involved a specialized contract carrier who provided refrigerated transport service. Thus, that case came under the first statutory definition of contract carrier, not the second statutory definition which governs this case.

Affirmed.